IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RYAN NELSON, as Special Administrator of the Estate of Mark P. Coffey, <br><br> Plaintiff, <br><br> v. <br><br> THE TOWN OF DYER, THE TOWN OF ST. JOHN, LAKE COUNTY, INDIANA, VICTOR ZAMORA, LUKE SCHREIBER, JACOB PATZSCHKE, AND DANIEL KOLODZIEJ, <br><br> Defendants. | No. 18 cv 270 |

## COMPLAINT

NOW COMES the Plaintiff, RYAN NELSON, as Special Administrator of the Estate of Mark P. Coffey, by and through counsel, SAMUELS & ASSOCIATES, LTD. & THE LAW OFFICE OF JARRETT ADAMS, PLLC, complaining of the Defendants, the TOWN OF DYER, the TOWN OF ST. JOHN, LAKE COUNTY, INDIANA, VICTOR ZAMORA, LUKE SCHREIBER, JACOB PATSCHKE, and DANIEL KOLODZIEJ, states as follows:

### INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Mr. Mark P. Coffey of his rights secured by the Constitution and laws of the United States.

## JURISDICTION

1. This lawsuit is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

2. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. PLAINTIFF RYAN NELSON is the brother and Special Administrator of the estate of Mr. Mark P. Coffey, deceased. In that capacity he brings this cause of action against the Defendants.

5. At all times relevant, Mr. Coffey was a citizen of the United States, who lived and resided in Chicago Heights, Illinois.

6. DEFENDANTS VICTOR ZAMORA, LUKE SCHREIBER, JACOB PATZSCHKE, and DANIEL KOLDZIEJ ("Defendant Officers") were, at the time of this occurrence, duly licensed law enforcement officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

7. DEFENDANT TOWN OF DYER was, at all times relevant, a municipal corporation duly incorporated under the laws of the State of Indiana and the

employer and principal of Daniel Kolodziej, a police officer with the Dyer Police Department.

8. DEFENDANT TOWN OF ST. JOHN was, at all times relevant, a municipal corporation duly incorporated under the laws of the State of Indiana and the employer and principal of Luke Screiber and Jacob Patzschke, police officers with the St. John Police Department.

9. DEFENDANT LAKE COUNTY, INDIANA was, at all times relevant, a municipal corporation duly incorporated under the laws of the State of Indiana and the employer and principal of Victor Zamora, a Sheriff Deputy with the Lake County Sheriff's Office.

## FACTS

10. On or around August 10, 2017, Mr. Mark P. Coffey was unarmed and suffering a mental health crisis as police pursued him from Illinois to Indiana.

11. Mr. Coffey crashed his vehicle at or around 8000 block of Hart Street in Dyer, Indiana.

12. With the vehicle unable to move, Defendant Officers knew or should have known that Mr. Coffey no longer posed any threat.

13. Immediately following the crash, the Defendant Officers, without any lawful basis, shot and killed Mr. Coffey.

14. Mr. Coffey was shot multiple times, both from the rear passenger and rear driver's side of the vehicle, that wounded him in the: (a) superior, near

midline back; (b) left upper back; (c) posterior, left upper back; (d) posterior, left upper back; (e) left posterior lower back; (f) left dorsal hand; and (g) right lower abdomen.

15. The bullets punctured Mr. Coffey's lungs and liver, causing pain, suffering, and, ultimately, his death.

16. As a direct and proximate result of the unlawful actions of the defendants, Mr. Coffey was injured, including physical injuries, pain and suffering, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, his loss of life, and attorneys' fees.

COUNT I: EXCESSIVE FORCE
*Against the Defendant Officers*

17. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

18. The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force, thus violating the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

19. As a direct and proximate result of the above-detailed actions of the defendants, Mr. Coffey was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, RYAN NELSON, as Special Administrator of the Estate of Mark P. Coffey, purusant to 42 U.S.C. §1983, demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: SECTION 1983 CONSPIRACY
### *Against the Defendant Officers*

20. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

21. Defendant Officers reached an agreement amongst themselves to punish Mr. Coffey, and coverup for the excessive force that was used against him, thereby depriving him of his Constitutional rights.

22. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

23. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity, including but not limited to the filing of late, false, inaccurate, and/or incomplete police reports, and making of false, inaccurate, and/or intentionally vague statements regarding the events of the complaint.

24. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Mr. Coffey and others.

25. As a direct and proximate result of the illicit prior agreement referenced above, Mr. Coffey's rights were violated and he suffered damages.

WHEREFORE the Plaintiff, RYAN NELSON, as Special Administrator of the Estate of Mark P. Coffey, purusant to 42 U.S.C. §1983, demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT III: ASSAULT

26. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

27. By the actions detailed above, the Defendant Officers intentionally placed Mark P. Coffey in reasonable apprehension of receiving offensive bodily contact.

28. By the actions detailed above, Mark P. Coffey was harmed.

29. As a direct and proximate result of the assault, Mark P. Coffey was injured.

30. Municipal Defendants are sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of a Municipal Defendant, and while acting within the scope of that employment.

WHEREFORE the Plaintiff, RYAN NELSON, as Special Administrator of the Estate of Mark P. Coffey, demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IV: BATTERY

31. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

32. By the actions detailed above, the Defendant Officers intentionally made unwanted and offensive bodily contact against Mark P. Coffey and inflicted harm to Mark P. Coffey.

33. By the actions detailed above, the Defendant Officers performed the acts detailed above with the intent of inflicting physical harm to Mark P. Coffey.

34. Mark P. Coffey was physically harmed.

35. As a direct and proximate result of the battery, Mark P. Coffey was injured.

36. Municipal Defendants are sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of a Municipal Defendant, and while acting within the scope of that employment.

WHEREFORE the Plaintiff, RYAN NELSON, as Special Administrator of the Estate of Mark P. Coffey, demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

> Respectfully Submitted,
>
> RYAN NELSON, as Special Administrator of the Estate of Mark P. Coffey,
>
> By:   s/ Jeanette Samuels
>           *One of Plaintiff's Attorneys*
>
> SAMUELS & ASSOCIATES, LTD.
> 2925 S. Wabash Avenue
> Chicago, IL 60616
> T: (872) 588 – 8726
> F: (872) 444 – 3011
> E: Sam@ChiCivilRights.com
>
>   s/ Jarrett Adams
>           *One of Plaintiff's Attorneys*
>
> THE LAW OFFICE OF JARRETT ADAMS, PLLC
> 561 10th Avenue, Unit 31-D
> New York, New York 10036
> T: (773) 459 – 4039
> F: (646) 524 - 6054
> E: JAdams@JarrettAdamsLaw.com

7