UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RYAN NELSON, As Special Administrator of the State of Mark P. Coffey,<br>   Plaintiff,<br><br> v.<br><br>THE TOWN OF DYER, THE TOWN OF ST. JOHN, LAKE COUNTY, INDIANA, VICTOR ZAMORA, LUKE SCHREIBER, JACOB PATZSCHKE, AND DANIEL KOLODZIEJ,<br>   Defendants. | Case No.:  2:18-cv-270 |

### DEFENDANTS' TOWN OF DYER AND DANIEL KOLODZIEJ'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendants, Town of Dyer and Daniel Kolodziej, by counsel, Julie J. Havenith, for their answer to Plaintiff's Complaint state as follows:

### JURISDICTION

1. This lawsuit is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.  The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

   RESPONSE:   Defendants admit that the Court in general has jurisdiction over the types of claims alleged in Plaintiff's Complaint; however, Defendants deny those allegations and deny all other allegations of paragraph one (1) of Plaintiff's Complaint.

2. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide Plaintiff's state law claims pursuant to 28 U.S.C. §.

   RESPONSE:   Defendants admit that the Court has supplemental jurisdiction over the state law claims alleged in Plaintiff's Complaint; however, Defendants deny the

allegations of Plaintiff's Complaint and deny all other allegations contained in paragraph two (2) of Plaintiff's Complaint.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

   RESPONSE:  Defendants admit the allegations contained in paragraph (3) of Plaintiff's Complaint.

## PARTIES

4. PLAINTIFF RYAN NELSON is the brother and Special Administrator of the estate of Mr. Mark P. Coffey, deceased.  In that capacity he brings this cause of action against the Defendants.

   RESPONSE:  Defendants are without sufficient information to admit or deny the allegations contained in paragraph four (4) of Plaintiff's Complaint.

5. At all times relevant, Mr. Coffey was a citizen of the United States, who lived and resided in Chicago Heights, Illinois.

   RESPONSE:  Defendants are without sufficient information to admit or deny the allegations contained in paragraph five (5) of Plaintiff's Complaint.

6. DEFENDANTS VICTOR ZAMOR, LUKE SCHREIBER, JACOB PATZSCHKE, and DANIEL KOLDZIERJ ("Defendant Officers") were, at the time of this occurrence, duly licensed law enforcement officers.  They engaged in the conduct complained of in the course and scope of their employment and under color of law.  They are sued in their individual capacities.

   RESPONSE:  Defendants admit that Daniel Koldzierj was a law enforcement officer acting within the course and scope of his employment with the Town of Dyer at the time of the events alleged.  Defendants are without sufficient information to admit or deny as to the term "licensed" law enforcement officer as Defendants do not know what that

phrase is intended to mean. Defendants admit that Plaintiff has named Officer Koldzierj in his individual capacity but deny all allegations against Officer Koldzierj. The remaining allegations contained in paragraph six (6) of Plaintiff's Complaint are not directed toward these answering Defendants; thus, Defendants neither admit nor deny the allegations contained in paragraph six (6) of Plaintiff's Complaint directed toward any other Defendants.

7. DEFENDANT DOWN OF DYER was, at all times relevant, a municipal corporation duly incorporated under the laws of the State of Indiana and the employer and principal of Daniel Kolodziej, a police officer with the Dyer Police Department.

   RESPONSE: Defendants admit the allegations contained in paragraph (7) of Plaintiff's Complaint.

8. DEFENDANT TOWN OF ST. JOHN was, at all times relevant, a municipal corporation duly incorporated under the laws of the State of Indiana and the employer and principal of Luke Screiber and Jacob Patzschke, police officers with the St. John Police Department.

   RESPONSE: The allegations contained in paragraph eight (8) of Plaintiff's Complaint are not directed toward these answering Defendants; thus, Defendants neither admit nor deny the allegations contained in paragraph eight (8) of Plaintiff's Complaint.

9. DEFENDANT LAKE COUNTY, INDIANA was, at all times relevant, a municipal corporation duly incorporated under the laws of the State of Indiana and the employer and principal of Victor Zamora, a Sheriff Deputy with the Lake County Sheriff's Office.

   RESPONSE: The allegations contained in paragraph nine (9) of Plaintiff's Complaint are not directed toward these answering Defendants; thus, Defendants neither admit nor deny the allegations contained in paragraph nine (9) of Plaintiff's Complaint.

## FACTS

10. On or about August 10, 2017, Mr. Mark P. Coffey was unarmed and suffering a mental health crisis as police pursued him from Illinois to Indiana

    RESPONSE:   Defendants are without sufficient information to admit or deny the allegations contained in paragraph ten (10) of Plaintiff's Complaint.

11. Mr. Coffey crashed his vehicle at or around 8000 block of Hart Street in Dyer, Indiana.

    RESPONSE:   Defendants are without sufficient information to admit or deny the allegations contained in paragraph eleven (11) of Plaintiff's Complaint.

12. With the vehicle unable to move, Defendant Officers knew or should have known that Mr. Coffey no longer posed any threat.

    RESPONSE:   Defendants deny the allegations contained in paragraph twelve (12) of Plaintiff's Complaint as to these answering Defendants only.

13. Immediately following the crash, the Defendant Officers, without any lawful basis, shot and killed Mr. Coffey.

    RESPONSE:   Defendants deny the allegations contained in paragraph thirteen (13) of Plaintiff's Complaint as to these answering Defendants only.

14. Mr. Coffey was shot multiple times, both from the rear passenger and rear driver's side of the vehicle, that wounded him in the (a) superior, near midline back; (b) left upper back; (c) posterior, left upper back; (d) posterior left upper back; (e) left posterior lower back; (f) left dorsal hand; and (g) right lower abdomen.

    RESPONSE:   Defendants deny the allegations contained in paragraph fourteen (14) of Plaintiff's Complaint as to these answering Defendants only.

15. The bullets punctured Mr. Coffey's lungs and liver; causing pain, suffering, and ultimately, his death.

    RESPONSE:   Defendants deny the allegations contained in paragraph fifteen (15) of Plaintiff's Complaint as to these answering Defendants only.

16. As a direct and proximate result of the unlawful actions of the defendants, Mr. Coffey was injured, including physical injuries, pain and suffering, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, his loss of life, and attorney's fees.

    RESPONSE:   Defendants deny the allegations contained in paragraph sixteen (16) of Plaintiff's Complaint as to these answering Defendants only.

### COUNT I: EXCESSIVE FORCE
*Against the Defendant Officers*

17. Plaintiff realleges the above paragraphs as though fully set forth herein.

    RESPONSE:   Defendants reallege and reaffirm their answers to paragraph 1 through 16 of Plaintiff's Complaint.

18. The actions of the Defendant Officers constituted unreasonable, unjustifiable and excessive force, thus violating the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

    RESPONSE:   Defendants deny the allegations contained in paragraph eighteen (18) of Count I of Plaintiff's Complaint as to these answering Defendants only.

19. As a direct and proximate result of the above detailed actions of the defendants, Mr. Coffey was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress and fear.

    RESPONSE:   Defendants deny the allegations contained in paragraph nineteen (19) of Count I of Plaintiff's Complaint as to these answering Defendants only.

## COUNT II: SECTION 1983 CONSPIRACY
*Against the Defendant Officers*

20. Plaintiff reallages the above paragraphs as though fully set forth herein.

    RESPONSE:   Defendants reallege and reaffirm their answers to paragraphs 17 through 19 of Count I of Plaintiff's Complaint.

21. Defendant officers reached an agreement amongst themselves to punish Mr. Coffey, and cover up the excessive force that was used against him, thereby depriving him of his Constitutional rights.

    RESPONSE:   Defendants deny the allegations contained in paragraph twenty-one (21) of Count II of Plaintiff's Complaint as to these answering Defendants only.

22. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

    RESPONSE:   Defendants deny the allegations contained in paragraph twenty-two (22) of Count II of Plaintiff's Complaint as to these answering Defendants only.

23. The furtherance of the conspiracy, each of the co-conspirators committed overt actions and was an otherwise willful participant in joint activity, including but not limited to the filing of late, false, inaccurate, and/or intentionally vague statements regarding the events of the complaint.

    RESPONSE:   Defendants deny the allegations contained in paragraph twenty-three (23) of Count II of Plaintiff's Complaint as to these answering Defendants only.

24. The misconduct described in this Court was undertaken with malice, willfulness, and reckless indifference to the rights of Mr. Coffey and others.

    RESPONSE:   Defendants deny the allegations contained in paragraph twenty-four (24) of Count II of Plaintiff's Complaint as to these answering Defendants only.

25. As a direct and proximate result of the illicit prior agreement referenced above, Mr. Coffey's rights were violated and he suffered damages.

    RESPONSE:  Defendants deny the allegations contained in paragraph twenty-five (25) of Count II of Plaintiff's Complaint as to these answering Defendants only.

## COUNT III: ASSAULT

26. Plaintiff realleges the above paragraphs as though fully set forth herein.

    RESPONSE:  Defendants reallege and reaffirm their answers to paragraphs 20 through 25 of Count II of Plaintiff's Complaint.

27. By the actions detained above, the Defendant Officers intentionally placed Mark P. Coffey in reasonable apprehension of receiving offensive bodily contact.

    RESPONSE:  Defendants deny the allegations contained in paragraph twenty-seven (27) of Count III of Plaintiff's Complaint as to these answering Defendants only.

28. By the actions detailed above, Mark P. Coffey was harmed.

    RESPONSE:  Defendants deny the allegations contained in paragraph twenty-eight (28) of Count III of Plaintiff's Complaint as to these answering Defendants only.

29. As a direct and proximate result of the assault, Mark P. Coffey was injured.

    RESPONSE:  Defendants deny the allegations contained in paragraph twenty-nine (29) of Count III of Plaintiff's Complaint as to these answering Defendants only.

30. Municipal Defendants were sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of a Municipal Defendant, and while acting within the scope of that employment.

    RESPONSE:  Defendants admit that Officer Kolodziej was on duty and in the employ of the Town of Dyer and acting within the scope of that employment at the times alleged by

Plaintiff; however, Defendants deny the allegations as plead against Officer Kolodziejand deny all other allegations contained in paragraph thirty (30) of Count IV of Plaintiff's Complaint as to these answering Defendants only.

### COUNT IV: BATTERY

31. Plaintiff realleges the above paragraph as though fully set forth herein.

    RESPONSE:   Defendants reallege and reaffirm their answers to paragraphs 20 through 30 of Count III of Plaintiff's Complaint.

32. By the actions detailed above, the defendant Officers intentionally made unwanted and offensive bodily contact against Mark P. Coffey and inflicted harm to Mark P. Coffey.

    RESPONSE:   Defendants deny the allegations contained in paragraph thirty-two (32) of Count IV of Plaintiff's Complaint as to these answering Defendants only.

33. By the actions detailed above, the Defendant Officers performed the acts detailed above with the intent of inflicting physical harm to Mark P. Coffey.

    RESPONSE:   Defendants deny the allegations contained in paragraph thirty-three (33) of Count IV of Plaintiff's Complaint as to these answering Defendants only.

34. Mark P. Coffey was physically harmed.

    RESPONSE:   Defendants deny the allegations contained in paragraph thirty-four (34) of Count IV of Plaintiff's Complaint as to these answering Defendants only.

35. As a direct and proximate result of the battery, Mark P. Coffey was injured.

    RESPONSE:   Defendants deny the allegations contained in paragraph thirty-five (35) of Count IV of Plaintiff's Complaint as to these answering Defendants only.

36. Municipal Defendants are sued in this court pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty

and/or in the employ of a Municipal Defendant, and while acting within the scope of that employment.

RESPONSE: Defendants admit that Officer Kolodziej was on duty and in the employ of the Town of Dyer and acting within the scope of that employment at the times alleged by Plaintiff; however, Defendants deny the allegations as plead against Officer Kolodziejand deny all other allegations contained in paragraph thirty-six (36) of Count IV of Plaintiff's Complaint as to these answering Defendants only.

## **AFFIRMATIVE DEFENSES**

1. Defendant Daniel Kolodziej is entitled to qualified immunity from Plaintiff's claims.

2. Defendants are entitled to absolute immunity from Plaintiff's claims.

3. Plaintiff's claims are barred for lack of personal involvement by Defendant Daniel Kolodziej.

4. Plaintiff has failed to state a cause of action for which relief may be granted.

5. With respect to any potential state law claims, such claims are barred for failure by Plaintiff to timely file a complete and sufficient notice of tort claim which is in full compliance with the Indiana Tort Claims Act.

6. With respect to any potential state law claims, Defendants are immune from liability pursuant to the Indiana Tort Claims Act.

7. With respect to any potential state law claims, Defendants are immune under common law.

8. Decedent assumed and/or incurred the risk of injury, if any be found; thus, Plaintiff's claims are barred.

9. Decedent's contributory negligence and/or willful, wanton and reckless behavior was the proximate cause of his alleged damages, if any be found; thus, Plaintiff is barred from recovery.

## JURY DEMAND

Defendants demand trial by jury.

Respectfully submitted,

By: /s/ Julie J. Havenith
Julie J. Havenith, #17898-53-A

## CERTIFICATE OF SERVICE

I certify that on the 13th day of September, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which automatically served a copy to all counsel of record:

Jeanette Samuels
Samuels & Associates LTD
2825 S. Wabash Avenue
Chicago, IL  60616

Jarrett Adams
The Law Office of Jarrett Adams, PLLC
561 10th Avenue, Unit 31D
New York, NY   10036

David M. Austgen
130 N. Main Street
Crown Point, IN  46307

William T. Enslen
142 Rimach
Hammond, IN  46320

The Law Office of Angela M. Jones LLC
Angela Jones
9301 Calumet Avenue, Suite 2F
Munster, IN  46321

By: /s/ Julie J. Havenith
Julie J. Havenith